# New York City Court.

*General Term—April,* 1884.

## THE MANNECK MANUFACTURING CO. *against* THE SMITH & GRIGGS MANUFACTURING CO.

A cause heard and submitted to a judicial officer in his term remains *sub judice* till decided by him, though his term be ended, and he may sign findings therein after his term has expired.

This action was tried before Judge SHEA, and decided by him a few days before his term of office expired. His term as justice expired December 31, 1883, and he signed the findings of fact and conclusions of law January 4, 1884. Judge SHEA held that he had power to do so.

The defendant moved to vacate the findings and the judgment entered thereon, on the grounds before mentioned, which are assigned as irregularities avoiding the judgment.

The motion was denied, and the defendant appealed.

*M. P. Stafford,* for motion.

*A. Walker Otis,* opposed.

BY THE COURT.—MCADAM, Ch. J., and NEHRBAS, J.—We agree with Judge SHEA " that a cause heard and submitted to a judicial officer in his term remains *sub judice* till decided by him, though his term of office be ended; and that in practice the rendition of a judgment relates to the term at which it was finally submitted for determination."

This view being correct, the order made below was right, and must be affirmed, with costs.

Affirmed on appeal by the New York common pleas.

The decision in Harris *v.* Morange (1 *City Ct. R.* 221), led to the

adoption of section 25 of the present Code,—which provides that "An action or special proceeding, civil or criminal, is not discontinued by a vacancy or change in the judge of the court, or by the re-election or re-appointment of a judge ; but it must be continued, heard and determined by the court, as constituted at the time of the hearing or determination. After a judge is out of office, he may settle a case on exceptions or make any return of proceedings had before him while he was in office, and may be compelled to do so, by the court in which the action or special proceeding is pending."

Where a judge's term of office expires during a trial before him, and he is re-elected, he may conclude the trial (Kelly *v.* Christal, 16 *Hun,* 242).